IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-613-BO

| | | |
|---|---|---|
| HARRIS B. WELLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| NORMAN AAMODT, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to remand. Defendant has responded, plaintiff has replied, and the matter is ripe for ruling. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed this action in Wake County Superior Court on October 21, 2015, alleging claims under North Carolina common law for alienation of affection and criminal conversation based on defendant's affair with plaintiff's then-wife. Defendant removed the action to this Court on the basis of its diversity jurisdiction on November 20, 2015. 28 U.S.C. §§ 1441;1332. Plaintiff then timely filed a motion to remand this action back to state court. Plaintiff, a citizen of North Carolina, contends that the parties were neither at the time of the filing of the complaint nor at the time of removal diverse for purposes of 28 U.S.C. § 1332. Defendant contends that at all relevant times he was domiciled in Pennsylvania and that diversity jurisdiction is proper in this Court. Whether the amount in controversy requirement for diversity jurisdiction has been satisfied is not in dispute.

## DISCUSSION

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Federal district courts have original jurisdiction of all civil actions in which the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In order for a federal court to exercise diversity jurisdiction, "diversity must have existed both at the time the suit was originally commenced in state court and at the time of filing the petition removal." *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (en banc).

Citizenship for purposes of diversity jurisdiction is synonymous with a person's domicile, and a person's domicile is generally "an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return whenever he is away." *Hollowell v. Hux*, 229 F. Supp. 50, 52 (E.D.N.C. 1964). Each person has only one domicile at any given time, and a change in domicile can be effected at any time. *Id.* "Domicile of choice is entirely a question of residence and intention, or, as it is frequently put, of factum and animus." *Id.* at 52-53 (quoting 28 C.J.S. Domicile § 9).

To determine a person's domicile, a court may consider factors such as current residence, location of personal and real property, voting registration, location of bank and brokerage accounts, place of employment, driver's license and automobile registration, and payment of taxes. *Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994). A person will remain domiciled

in the place he was born "unless it can be shown that he has established a new domicile." *Hanks v. Coan*, 1:99CV00119, 1999 WL 1938851, at *1 (M.D.N.C. Aug. 17, 1999) (quotation and citation omitted). Further, a person's "place of residence is prima facie the domicil[e], unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence in another place." *Granite Trading Corp. v. Harris*, 80 F.2d 174, 176 (4th Cir. 1935) (quotation citation omitted).

Defendant has satisfied his burden to show that at the time of the filing of the complaint and at the time of removal he was domiciled in Pennsylvania. Defendant's declaration establishes that defendant has lived in Pennsylvania since he was seven years old; the business which defendant owns maintains its company offices in Pennsylvania; defendant maintains a Pennsylvania driver's license and has a vehicle registered in Pennsylvania; defendant is registered to vote in Pennsylvania; maintains his personal banking and brokerage accounts in Pennsylvania; and has paid federal, State, and local taxes in Pennsylvania for the last thirty years and will do so again in 2016. [DE 21-1].

Plaintiff relies heavily on defendant's purchase of a home in Raleigh, North Carolina in September 2015 as evidence that defendant has changed his domicile from Pennsylvania to North Carolina. Plaintiff contends that this factor should be given even greater weight because defendant owns the home in North Carolina, while he rents his residence in Pennsylvania. As noted above, a person's place of residence is *prima facie* evidence of a person's domicile, but it is not dispositive of the issue. *See Johnson v. Adv. Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) ("For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship."). Defendant has declared that the home in North Carolina was purchased to accommodate defendant and his fiancée, plaintiff's former wife Ms. Welles, and Ms. Welles' two children

3

when she has custody of them. [DE 21-1 ¶ 5]. Defendant further stated that he spends time at the Raleigh home most weekends and holidays and when he is in Raleigh for business. *Id.* at ¶ 6. Having considered the totality of the circumstances, *Mayfield v. Natl. Ass'n for Stock Car Auto Racing, Inc.*, 3:09-CV-220-MU, 2010 WL 1434298, at *2 (W.D.N.C. Apr. 6, 2010), the Court finds that, although he purchased a home with Ms. Welles in Raleigh and maintains a bank account in North Carolina from which the mortgage payments are made, the evidence does not support a finding that defendant during the relevant time period intended to remain in North Carolina permanently and definitely. Rather, the evidence supports that defendant's domicile has not changed from Pennsylvania and that that is where he intends to return when he is away.

The Court finds of particular importance that defendant maintains his voter registration in Pennsylvania and voted in the November 2015 election in Pennsylvania during the pendency of this action in state court and just prior to its removal to this Court. *See Griffin v. Matthews*, 310 F. Supp. 341, 343 (M.D.N.C. 1969) *aff'd,* 423 F.2d 272 (4th Cir. 1970) ("Voting raises a presumption that the voter is a citizen in the state in which he votes, and the presumption must be rebutted by evidence showing a clear intention that his citizenship is otherwise.") (internal quotation and citation omitted). Further, defendant has taken no additional steps beyond the joint purchase of a home that would suggest that he intended to change his domicile to North Carolina – for example, defendant's health care providers are located in Pennsylvania and he receives his personal mail and the local newspaper at his home in Pennsylvania. [DE 21-1]. That defendant's business has a presence in North Carolina as well as Pennsylvania does not sufficiently outweigh the other factors which support domicile in Pennsylvania.

## CONCLUSION

Defendant has demonstrated that during the relevant time period he was domiciled in Pennsylvania, and thus this Court may properly exercise its diversity jurisdiction over this matter. Accordingly, for the foregoing reasons, plaintiff's motion to remand [DE 16] is DENIED.


SO ORDERED, this ∂/ day of April, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE