IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-613-BO

| | | |
|---|---|---|
| HARRIS B. WELLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| NORMAN AAMODT, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. A hearing was also held on the matter before the undersigned on August 2, 2016, at Raleigh, North Carolina. For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff filed this action in Wake County Superior Court on October 21, 2015, alleging claims under North Carolina common law for alienation of affection and criminal conversation based on defendant's affair with plaintiff's then-wife. Defendant removed the action to this Court on the basis of its diversity jurisdiction on November 20, 2015. 28 U.S.C. §§ 1441;1332. This Court denied plaintiff's motion to remand by order entered April 21, 2016. Defendant has moved to dismiss the action against him, arguing that the causes of action alleged in the complaint are unconstitutional and therefore fail to state a claim upon which relief can be granted.

Plaintiff has alleged in his complaint that he and his now-former wife were lawfully married on June 5, 1993, and that they separated on May 1, 2014. Plaintiff alleges that prior to defendant's deliberate interference in plaintiff's marital relationship plaintiff and his wife enjoyed a good and loving marriage that produced two children. Plaintiff alleges that as of January 12, 2014, and for at least one year prior thereto, defendant, who had actual knowledge of plaintiff's marriage, willfully and intentionally seduced, enticed, and alienated the affections of plaintiff's wife from plaintiff and engaged in sexual intercourse in North Carolina with plaintiff's wife prior to her separation from plaintiff.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not

2

nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Review of plaintiff's complaint in light of the applicable standard reveals that plaintiff has stated a plausible claim for relief under North Carolina law. *See Pharr v. Beck*, 147 N.C.App. 268, 271, 554 S.E.2d 851, 854 (2001) (elements of tort of alienation of affection are (1) an existing marriage with love and affection, (2) which love and affection was alienated by (3) the malicious acts of the defendant); *Nunn v. Allen*, 154 N.C. App. 523, 535 (2002) (elements of tort of criminal conversation are (1) actual marriage between the spouses and (2) sexual intercourse between defendant and plaintiff's spouse during the marriage).

"A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court recognizes that in rare circumstances there are sufficient facts available on the face of the complaint to rule on an affirmative defense, *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007), but the Court does not find such circumstance to exist here, and therefore denies the motion to dismiss at this stage of the proceeding.

## CONCLUSION

For the foregoing reasons, the motion to dismiss under Rule 12(b)(6) [DE 10] is denied.

SO ORDERED, this **23** day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:15-cv-00613-BO   Document 38   Filed 08/23/16   Page 3 of 3