IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-613-BO

| | | |
|---|---|---|
| HARRIS B. WELLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| NORMAN AAMODT, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to quash, motion for protective order, motion to enforce subpoena, and motion for leave to dismiss without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Also before the Court are defendant's motions for partial summary judgment and motion for summary judgment. The appropriate responses and replies have been filed and the motions are ripe for ruling. For the reasons that follow, this action is dismissed without prejudice.

## BACKGROUND

Plaintiff filed this action in Wake County Superior Court on October 21, 2015, alleging claims under North Carolina common law for alienation of affection and criminal conversation based on defendant's affair with plaintiff's then-wife. Defendant removed the action to this Court on the basis of its diversity jurisdiction on November 20, 2015. 28 U.S.C. §§ 1441; 1332. This Court denied plaintiff's motion to remand by order entered April 21, 2016. A motion to dismiss by defendant was also denied and the case proceeded through discovery. The instant motions followed.

In his motion to dismiss, plaintiff seeks an order dismissing his claims without prejudice. Plaintiff cites excessive economic and personal burdens on continuing this action, as well as what he believed to be an agreement in principal between the parties which would have resulted in a stipulation of dismissal with prejudice being filed. Plaintiff now seeks an order of dismissal with the following conditions to protect defendant against prejudice:

A. That plaintiff would not refile his claims against defendant unless defendant hereafter commences litigation asserting claims against plaintiff based on alleged acts, omissions, or circumstances prior to the date of the motion;

B. That any and all discovery in this action can be used in any subsequent litigation as if it had been taken in this litigation;

C. That if plaintiff's present claims are reasserted in subsequent litigation (which would only be done if defendant initiates litigation), the taxable costs in this action will be considered taxable costs in such renewed litigation.

## DISCUSSION

Although plaintiff moved initially under Rule 41(b), it appears that plaintiff seeks dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Rule provides that a plaintiff may voluntarily dismiss an action by court order, on terms that the court considers proper. Dismissal under this provision operates as a dismissal without prejudice. A court considers factors such as the opposing party's effort and expense, whether there was excessive delay and lack of diligence by the plaintiff, the stage of the litigation, and the sufficiency of the explanation for the need of a dismissal when deciding whether to grant a motion to voluntarily dismiss an action. *Miller v. Terramite Corp.*, 114 Fed. App'x 536, 539 (4th Cir. 2004); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (court must focus primarily on

defendant's interests in consideration of motion under Rule 41(a)(2)). The decision to grant such a motion lies within the court's discretion. *Davis*, 819 F.2d at 1273.

The Court finds that dismissal of this action without prejudice is appropriate in this case. Plaintiff has provided sufficient explanation in his motion as to the bases for his request to dismiss this action, citing both financial and personal hardships. Although the case is not in its earliest stages, no trial date has been set nor has any jury been impaneled, and the fact that summary judgment motions have been filed is not evidence of sufficient prejudice to deny a motion for voluntary dismissal. *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 n.4 (4th Cir. 1986). While defendant may have expended effort and expense, any prejudice to defendant in having to defend against this action to date does not amount to plain legal prejudice sufficient to defeat plaintiff's request to dismiss this action. *See Eaddy v. Little*, 234 F. Supp. 377, 379 (E.D.S.C. 1964). Finally, there is no evidence of excessive delay or lack of diligence by plaintiff. The Court further finds that the conditions on dismissal proposed in plaintiff's motion are unnecessary to protect the interests of defendant or plaintiff and therefore declines to adopt them here.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to dismiss this action without prejudice [DE 63] is GRANTED. The remaining pending motions [DE 43, 45, 47, 49, 51, 55, & 57] are DENIED AS MOOT. The clerk is DIRECTED to close the file.

3

SO ORDERED, this 28 day of July, 2017.

                                                Terrence Boyle
                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE